*J. H. Webster*, for the complainants.

*D. D. Stewart*, for the respondents.

---

## OREN CLARK *versus* SAMUEL PRATT.

Under R. S. of 1841, c. 104, § 21, a levy upon land was valid if the sheriff simply seized the land while in office, and completed it after his official term had expired.

By the levy of an execution upon the land of a judgment debtor and the delivery of seizin to the creditor, the possession of the tenant, even if adverse to the creditor, thereby became interrupted.

The seizin of the creditor, thus obtained, will be presumed to continue in him until proof to the contrary is shown.

Under the general issue, the defendant, in a real action, cannot give in evidence an outstanding title acquired by him from a third person since the date of the writ.

ON REPORT.

WRIT OF ENTRY, to recover lot No. 13, on Treat and Webster island in Oldtown.

The writ is dated March 15, 1862. Plea, general issue, with claim for betterments.

The plaintiff claimed title under a quitclaim deed from T. A. Hill to him, dated March 23, 1857, duly executed, acknowledged and recorded. Hill's title was derived from the levy of an execution, issued Dec. 18, 1841, upon a judgment in his favor against one Samuel Smith, recovered Dec. 8, 1841. Under this levy, one-half undivided of lot No. 13 was set off as the property of said Smith, whose title was admitted. The levy was commenced January 3,

1842, by a seizure of the land, and suspended (as certified by J. Wingate Carr, the officer making the seizure,) by reason of a subsisting prior attachment in favor of the People's Bank.

On March 17, 1842, the appraisers were duly selected and sworn, and the levy completed.

The return of the officer, after stating that the prior attachment, referred to in his certificate of January 3, 1842, had been disposed of by a levy on a part of the property attached, continued as follows : — "I, J. Wingate Carr, late sheriff of said county of Penobscot, still holding this execution, the same having been placed in my hands for service while exercising the office of sheriff of said county, and having, on the 16th day of March inst., taken the real estate described in the foregoing certificate of the appraisers, being a part of the same which was seized by me as aforesaid, on the 3d day of January last, and having continued said seizure up to the present time, I caused," &c. Seizin was delivered same day.

The defendant claimed title by adverse possession, and introduced *George P. Sewall*, who testified that, sometime in the spring of 1837, the defendant took possession of said lot 13 and occupied the same until 1863.

He also introduced a copy of a judgment, *Wheelwright & al.* v. *Owen Clark & al.*, recovered January, 1862 ; a copy of the execution duly issued thereon, dated Feb. 8, 1862 ; a copy of a levy of said execution upon said lot 13, as the property of the plaintiff, dated Feb. 11, 1862 ; and also a quitclaim of said premises, from *Wheelwright & al.* to the defendant, dated April 15, 1862.

After the evidence was all in, the case was continued on report, the full Court to render such judgment as the law, and so much of the evidence as was admissible, required.

*Hilliard*, for the plaintiff.

*Sewall*, for the defendant.

If anything, Hill took by his levy but one-half undivided of lot 13.

The defendant's possession of 1837 was not disturbed by the officer making the alleged levy on Smith, unless he was authorized to deliver seizin to Hill. Execution, *Hill* v. *Smith*, was delivered to the officer while sheriff. He seized under R. S. of 1841, c. 117, § 33, but did not take the land on execution. His return shows he "took" the land on March 16, and that then he was not an officer. R. S., 1841, c. 104, § 21, authorized officers to execute all precepts in their hands at the time of their removal; but c. 94, § 5, limits this authority in cases of a levy upon land. The taking and appraisal must be had while the officer is in commission. These acts are conditions precedent to valid subsequent proceedings.

Defendant's possession cannot be disturbed except by one having title. *Webster* v. *Hill*, 38 Maine, 78.

The levy of *Wheelwright & al.* divested plaintiff of all title; although defendant did not claim under them at the date of the writ, that title was admissible to rebut plaintiff's evidence of seizin. *Walcott* v. *Knight*, 6 Mass., 419.

APPLETON, C. J.—It is in proof that, on 17th March, 1842, Thomas A. Hill levied on an undivided half of lot 13, on Treat & Webster's island, in Oldtown, by virtue of an execution in his favor against one Samuel Smith.

It is objected that this levy is void, because, at the time of its completion, the officer by whom the proceedings were commenced had ceased to be a sheriff. The levy was under R. S., 1841, c. 117, §§ 33 & 34. But, by c. 104, § 21, "all sheriffs and their deputies may execute all precepts in their hands at the time of their removal from office." The officer, therefore, having the execution and commencing its service, before the termination of his office, might proceed afterwards to complete such service.

It is objected that the tenant, who was in possession at the time of the levy, acquired a title to the premises in controversy by adverse possession. But such is not the case. The tenant had been in possession but five years before the

levy. By the levy and delivery of seizin, the possession, if adverse, which may well be doubted, was interrupted. The seizin passed to the judgment creditor, and will be presumed to continue in him till proof to the contrary is shown. *Wood-man* v. *Bodfish*, 25 Maine, 317. Sufficient time has not elapsed, since the levy and before the date of the writ, for the acquisition of a title by disseisin on the part of the tenant.

The plea is the general issue. Under that plea the tenant cannot take advantage of a conveyance of the title acquired since the date of the demandant's writ. If the tenant in a writ of entry, after action brought, purchase of a third person an outstanding title derived from the demandant himself, this cannot be pleaded in bar of the action. *Parlin* v. *Haynes*, 5 Greenl., 178 ; *Jewett* v. *Felker*, 2 Greenl., 339. It is otherwise, if the title was purchased from the demandant.

The plaintiff is entitled to recover for an undivided half of the demanded premises.

Cutting, Dickerson, Barrows and Danforth, JJ., concurred.